RECEIVED
JUL 1 4 2015
BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TERRY M. TURNER, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| GEROGER LOMBARDI, individually and in his official capacity as Director of the Division of Adult Institutions; | ) |
| JAMES HURLEY, Warden, of the Northeast Correctional Center Bowling Green, Missouri; | ) |
| DR. KENDIS ARCHER, Corizon Health Services, Northeast Correctional Center, Bowling Green, Missouri; | ) CASE NO. _____ ) ) JURY TRIAL DEMANDED |
| DR. THOMAS PYROR, Corizon Health Services, Northeast Correctional Center, Bowling Green, Missouri; | ) |
| DR. THOMAS CABRERA, Corizon Health Services, Northeast Correctional Center, Bowling Green, Missouri; | ) |
| DR. PHILLIP DEAN, 511 East Boon Slick Road, Warrenton, Missouri 63383; | ) |
| DR. MILOM FARNHAN, Corizon Health Services, Western Missouri Correctional Center 609 East Pence Road, Cameron, Missouri 64429; | ) |
| NURSE JESSICAL L. BALLINGER Corizon Health Services, Western Missouri Correctional Center, 609 East Pence Road Cameron, Missouri 64429; | ) |
| NURSE GLADYS E. DIXON, Corizon Health Services, Western Missouri Correctional Center 609 East Pence Road Cameron, Missouri, | ) |
|     Defendants. | |

COMPLAINT FOR PERMANENT INJUNCTION
AND FOR DAMAGES

COMES NOW thr Plaintiff, Terry M. Turner, and for his cause of action against the Defendants named herein, states and alleges as follows:

NATURE OF THE ACTION

1. This is a civil action wherein the plaintiff prays for a permanent innunction to restrain the Defendants, and each of them, from acting under color of state law to deprive the plaintiff of rights, privileges and immunities secured to him by the Constitution of the United States.

JURISDICTION

2. This action is brought by the plaintiff pursuant to the authority of 42 U.S.C. Section 1983 and 42 U.S.C. Section 1981, et seq, to redress depravations by the Defendants, acting under color of state law, of certain rights secured by the plaintiff by the Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is therefore conferred upon this Court pursuant to 28 U.S.C. Section 1343(3)(4).

3. This action is also brought by the plaintiff as one arising under the Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is therefore conferred upon this Court pursuant to 28 U.S.C. Section 1331.

PARTIES

4. Plaintiff is an individual resident of the State of Missouri who is presently incarcerated by, and under the care and control of, the Missouri Department of Corrections and Human Resources.

2

5. Defendant Georger Lombardi is an individual resident of the State of Missouri and was at all times relevant hereto, and is employed as the Director of the Division of Adult Institutions for the Missouri Department of Corrections and Human Resources.

6. Defendant James Hurley is an individual resident of the State of Missouri and was at all times relevant hereto, employed as the Warden by the Missouri Department of Corrections and Human Resources located at the Northeast Correctional Center, 13698 Air Port Road, Bowling Green, Mo 63334.

7. Defendant Dr. Kendis Archer is an individual resident of the State of Missouri and was at all times relevant hereto, employed as a physician for Corizon Health Services located at the Northeast Correctional Center, 13698 Air Port road, Bowling Green, Mo 63334.

8. Defendant Dr. Thomas Pyror is an individual resident of the State of Missouri and was at all times relevant hereto, employed as a physician for Corzion Health Services loacted at the Northeast Correctional Center, 13698 Air Port Road, Bowling Green, Mo 63334.

9. Defendant Thomas Cabrera is an individual resident of the State of Missouri and was at all times relevant hereto, employed as a physician for Corizon Health Services located at the Northeast Correctional Center, 13698 Air Port road, Bowling Green, Mo 63334.

10. Defendant Phillip Dean is an individual resident of the State of Missouri and was at all times relevant herto, employed as a physician located at 511 East Boon Slick Road, Warrenton, Mo 63383.

11. Defendant Milom Farnhan is an individual resident of the State of Missouri and was at all times relevant hereto, employed as a physician located at Western Missouri Correctional Center, 609 East Pence Road, Cameron, Mo 64429. Said defendant was employed with Corizon Health Services.

12. Defendant Nurse Jessical L. Ballinger is an individual resident of the State of Missouri and was at all times relevant hereto, employed as a nurse for Corizon Health Services located at the Western Missouri Correctional Center, 609 East Pence Road, Cameron, Mo 64429.

13. Defendant Nurse Gladys E. Dixon is an individual resident of the State of Missouri and was at all times relevant hereto, employed as a nurse located at the Western Missouri Correctional Center, 609 East Pence Road, Cameron, Mo 64429.

FACTUAL ALLEGATIONS

14. On or about September 2006, plaintiff was admitted to the care and custody of the Missouri Department of Corrections and Human Resources.

15. At the time of said admittance, the plaintiff was suffering from a "demyelinating problem" in his lower extremities.

16. During the course of plaintiff's incarceration with the department of Corrections and Human Resources, the plaintiff was examined by various physicians, starting on or about 2010.

17. During the time of plaintiff's incarceration with the Missouri Department of Corrections and Human Resources, he was treated for multiple selerosis ("MS") although he did not have the disease. The various listed in this complaint as defendants claimed that plaintiff had a diagnosis of (MS") when he arrived at the prison, and the records show that the physician defendants worked to refine his diagnosis and treatment over several years. In 2011 2014, (MS") was ruled out.

18. During the course of several years, the physicain defendants, who prescribed for the plaintiff the medication Copaxone and Interferon, and Avonex.

4

19. During the entire time that the physician defendants treated the plaintiff with the medication Copaxone and Interferon, the plaintiff suffered serious side effects, including confined plaintiff to a wheel chair. further, the injections were causing plaintiff harm wherein he was constantly throwing up his food as well as the drugs, urinating on him self, defecating on him self so much so that he was issued texas catheters. He was also issued pull ups due to no control over his bowles, leg braces and a scoliosis vest.

20. Defendants Archer, Pryor, Cabrera, Dean, Farnhan, Ballinger and Dixon all refused to cease plaintiff's treatment for alleged ("MS"), but to no avail. In fact defendants Ballinger and Dixon threatened to have the plaintiff placed in the Administrative Segregation Unit (Hole) if he refused to continue to take the injections for ("MS") as prescribed by the physician defendants listed in this complaint.

21. Nurse defendants Ballinger and Dixon acted in concert with the physician defendants listed in this complaint to force the plaintiff to continue to take the medication Copasone and Interferon regarding the serious and deadly side effects and sickness he was subjected to.

22. As a result of the actions of defendants Archer, Pyror, Cabrera, Dean, Farnhan, Ballinger and Dixon, in forcing the plaintiff to take said prescribed medications, the plaintiff was most certainly harmed.

23. Defendants Lombardi and Hurley knew that the plaintiff was taking said medications that made him very sick and for a disease he did not have by writing letters to the defendants and requested of them to stop the treatment, but the defendants refused to do so.

5

## COUNT I - CRUEL AND UNUSUAL PUNISHMENT

24. Plaintiff restates and realleges each of the above and foregoing paragraphs of this complaint and incorporates the same by this reference as if fully set out herein.

25. The Eighth Amendment of the United States Constitution prohibits the infliction of cruel and unusual punishment upon incarcerated persons.

26. The listed defendants in this complaint were, at all times relevant hereto, aware of plaintiff's medical condition.

27. the defendants listed in this complaint knew or should have known that to continue the plaintiff's medications without properly examing the plaintiff or consulting the proper experts who prescribed his treatment.

28. The defendants listed in this complaint knew or should have known that the continuation of the plaintiff's treatment for ("MS") would subject the plaintiff to other medical complications.

29. The actions of the defendants listed in this complaint were taken with wanton, willful and reckless disregard for the plaintiff's safety and well being, to an extent that would support punitive or exemplary damages.

30. The actions of the listed defendants in this complaint in continuing the plaintiff's prescribed medications, constituted cruel and unusual punishment in violation of the plaintiff's rights under the Eighth Amendment of the United States Constitution.

31. Defendants Lombardi and Hurley are both charged with the duty of administration of the prison system and the prison medical treatment for the State of Missouri.

32. Plaintiff's remedy at law is inadequate to compensate him for the constitutional depravations he has suffered or will suffer in the future.

WHEREFORE, plaintiff prays in this Count I of his complaint:

a. For judgment against the defendants listed in this complaint, and each of them, for actual damages resulting from depravation of his constitutional rights, in the amount of $5 Million Dollars;

b. For punitive or exemplary damages against all the defendants listed in this complaint, and each of them, in the amount of $1 Million Dollars;

c. For a permanent injunction enjoining all the defendantsn listed in this complaint, and each of them, from denying the plaintiff any medication or treatment for his lower extremities condition, and from denying the plaintiff any medical treatment he may require;

d. For a mandatory injunction of this Court ordering all the defendants listed in this complaint, and each of them, and anyone acting by, through, or under them, to provide the plaintiff with all medication and treatment for his lower extremities conditionm, to provide the plaintiff with all medical treatment, for any reason that he may require in the future;

e. For all such other and further orders as the Court deems just and necessary to the complete restoration of plaintiff's constitutional rights and to insure his unhampered enjoyment of his rights in the future;

f. For plaintiff's attorney's fees pursuant to 42 U.S.C. Section 1988 in the event that the Court appoints an attorney for plaintiff; and

h. For all other and further relief as the Court may deem just and equitable.

7

COUNT II - DUE PROCESS

33. Plaintiff restates and realleges each of the above and foregoing paragraphs of plaintiff's complaint and incorporates same by this reference as if fully set out herein.

34. At the time the defendants listed in this complaint chose to continue to treat the plaintiff with said medications prescribed for him, especially knowing that the plaintiff did not have ("MS"), were done without a proper examination of the plaintiff and without providing the plaintiff any administrative or judicial hearing and, as such, infringed on the plaintiff's right to life and liberty guaranteed by the Fourteenth Amendment of the United States Constitution.

35. The defendants Lombardi and Hurley are both charged with the duty of administration of the prison system and the prison medical treatment system for the State of Missouri.

WHEREFORE, plaintiff prays in this Count II of his complaint:

a. For judgment against the defendants listed in this complaint, and each of them, for actual damages resulting from depravation of his constitutional rights, in the amount of $5 Million dollars;

b. For punitive or exemplary damages against all the defendants listed in this complaint, and each of them, in the amount of $1 Million dollars;

c. For a permanent injunction enjoining all the defendants listed in this complaint, and each of them, from denying the plaintiff any medication or treatment for his lower extremities condition, and from denying the plaintiff any medical treatment he may require;

d.  For a permanent injunction enjoining all the defendants listed in this complaint, and each of them, from denying the plaintiff any medication or treatment for his lower extremities condition, and from denying the plaintiff any medical treatment he may require;

e.  For all such other and further orders as the Court deems just and necessary to the complete restoration of plaintiff's constitutional rights and to insure his unhampered enjoyment of his rights in the future;

f.  For plaintiff's attorney's fees pursuant to 42 U.S.C. Section 1988 in the event that the Court appoints an attorney for plaintiff; and

h.  For all other and further relief as the Court may deem just and equitable.

## VERIFICATION

STATE OF MISSOURI  )
                   ) SS
COUNTY OF PIKE     )

COMES NOW TERRY M. TURNER, plaintiff in the above-styled complaint, and duly sworn upon his oath states and deposes that he has read the foregoing complaint and that the statements and allegations contained therein are true and correct to the best of his knowledge and belief.

_Terry M. Turner_
TERRY M. TURNER

Subscribed and sworn to before me this 26th day of June, 2015.

BETH L. GIBSON
Notary Public - Notary Seal
State of Missouri, Pike County
Commission # 14965005
My Commission Expires May 2, 2018

_Beth L. Gibson_
NOTARY PUBLIC

My Commission Expires: 05/02/2018

RECEIVED
JUL 14 2015
BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

TERRY M. TURNER )
)
PLAINTIFF )
)
)
)
)
(Enter above the full name of the )
Plaintiff(s) in this action. Include prison )
registration number(s).) )
)
v. )
)
GEORGER LOMBARDI, ET AL ) Case No. _____
) (To be assigned by Clerk)
DEFENDANTS )
) JURY TRIAL DEMANDED
)
)
)
)
)
)
)
(Enter above the full name of **ALL** Defend- )
ant(s) in this action. Fed. R. Civ. P. 10(a) )
requires that the caption of the complaint )
include the names of **all** the parties. Merely )
listing one party and "et al." is insufficient. )
Please attach additional sheets if necessary. )

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

I. PLACE OF PRESENT CONFINEMENT: 13698 AIR PORT ROAD, BOWLING GREEN, MO 63334

II. PREVIOUS CIVIL ACTIONS:

A. Have you brought any other civil actions in state or federal court dealing with the same facts involved in this action or otherwise relating to your confinement?

YES [x]   NO [ ]

B. If your answer to "A" is YES, describe the action(s) in the space below. If there is more than one action, you must describe the additional action(s) on a separate piece of paper, using the same format as below.

1. Parties to previous civil action:

   Plaintiff(s): TERRY M. TURNER

   Defendant(s): THOMAS PRIOR

2. Court where filed: EASTERN DISTRICT OF MISSOURI

3. Docket or case number: 2:15CV00021 ERW

4. Name of Judge: E. RICHARD WEBBER

5. Basic claim made: THE CRUX OF PLAINTIFF'S COMPLAINT WAS THAT HE WAS TREATED FOR MULTIPLE SCLEROSIS (MS) ALTHOUGH HE DID NOT HAVE THE DISEASE. HE SAYS HE REALLY HAS A "DEMYELINATING PROBLEM" IN HIS LOWER EXTREMITIES, ETC.

6. Present disposition (Is the case still pending? Is it closed? If closed, was it appealed?):

   THE CASE WAS DISMISSED WITH PREJUDICE. NO APPEAL TOOK PLACE

III. GRIEVANCE PROCEDURES:

A. Is there a prisoner grievance procedure at the institution in which you are incarcerated?

   YES [X]     NO [ ]

B. Have you presented this grievance system the facts which are at issue in this complaint?

   YES [X]     NO [ ]

-2-

C.  If your answer to "B" is YES, what steps did you take: I FILED FIRST AN IRR, GRIEVANCE, THEN THE GRIEVANCE APPEAL.

D.  If your answer to "B" is NO, explain why you have not used the grievance system: N/A

IV. PARTIES TO THIS ACTION:

A.  Plaintiff(s)

1.  Name of Plaintiff: TERRY M. TURNER
2.  Plaintiff's address: NORTHEAST CORRECTIONAL CENTER 13698 AIR PORT ROAD BOWLING GREEN, MO 63334
3.  Registration number: #524435
4.  Additional Plaintiff(s) and address(es):

B.  Defendant(s)

1.  Name of Defendant: GEORGE LOMBARDI, ET AL
2.  Defendant's address: PLEASE REFER TO ATTACHMENT PAGES
3.  Defendant's employer and job title: PLEASE SEE ATTACHMENT PAGES
4.  Additional Defendant(s) and address(es): SEE ATTACHMENT PAGES

-3-

V. COUNSEL

    A. Do you have an attorney to represent you in this action?

        YES [ ]          NO [X]

    B. If your answer to "A" is NO, have you made an effort to contact an attorney to represent you in this matter?

        YES [X]          NO [ ]

    C. If your answer to "B" is YES, state the name(s) and address(es) of the attorneys you contacted and the results of those efforts:

       ~~I DON'T REMEMBER THE NAMES AND ADDRESSES~~

       ATTACHMENT PAGES 1-2

    D. If your answer to "B" is NO, explain why you have not made such efforts:

       N/A

    E. Have you previously been represented by counsel in a civil action in this Court?

        YES [ ]          NO [X]

    F. If your answer to "E" is YES, state the attorney's name and address:

       N/A

VI. Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved, dates, and places. Be as specific as possible. State your claims in numbered paragraphs. You may use additional paper if necessary):

SEE ATTACHMENT PAGES

VII. RELIEF

State briefly and exactly what you want the Court to do for you. Do not make legal arguments. (Note: If you are a **state** prisoner and you seek from this Court relief that affects the length or duration of your imprisonment, your case **must** be filed on a § 2254 form.)

SEE ATTACHMENT PAGES

VIII. MONEY DAMAGES:

A) Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

YES [X]   NO [ ]

B) If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

SEE ATTACHMENT PAGES

IX. Do you claim that the wrongs alleged in the complaint are continuing to occur at the present time?

YES [X]   NO [ ]

*Terry Turner*

Signature of attorney or pro se Plaintiff(s)

Date: June 22-2015

LAWYER'S, I ASK FOR THERE HELP

1. ACLU
   454 Whitter Street
   St. Louis, Missouri, 63108

2. THOMAS FILLIPP
   THOMAS SANFILIPPO, & ASSOCIATES LLC
   1010 Market Street
   Suite 1300
   St. Louis, Missouri, 63101

3. OERALD L. GAB
   1708 Olive St.
   St. Louis, Missouri, 63103

4. DIABLO GONZALEZ
   3901 East Charles lot 220
   Columbia, Missouri, 65201

5. DEAN NICHOLS
   100 South Fourth Street
   Suite 400
   St. Louis, Missouri, 63102

6. PAUL L. SCHMITZ
   906 OLIVE STREET
   Suite 300
   St. Louis, Missouri, 63103

Page 2.)

7. TONY BRUNING, LEKITZ, PLUNKERT & BRUNING
555 Washington, Ave,
Suite 600
St. Louis, Missouri. 63101

8. ALVIN WOLFF, JR, & ASSOCIATES
100 South Brentwood
Suite 300
St. Louis, Missouri. 63105

9. FLEMING, LAWRENCE
2001 South Big Bend Blvd
St. Louis, Missouri. 63117

10. ZACHARY C. HOWENSTINE
ARMSTRONG/TEASDALE
7700 Forsyth Boulevard,
Suite 1800
St. Louis, Missouri. 63105

I WOULD LIKE TO SEE IF THE COURT WILL LET MR. HOWENSTINE, HE WOULD HELP ME, BUT THE COURT WILL HAVE TO GIVE HIM THE OK. I PRAY THAT YOU WILL DO THIS FOR ME THANK YOU Thank You Tonyfurn