## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| TERRY TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15CV48 ERW |
| ) | |
| GEORGE A. LOMBARDI, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $10.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

### The Complaint

Plaintiff, who is confined at the Northeast Correctional Center ("NECC"), sues prison supervisory officials and several doctors and nurses employed by Corizon, Inc.[1] He also sues an outside doctor, Dr. Phillip Dean, who he alleges treated him for multiple sclerosis. Plaintiff says

---

[1] The Corizon, Inc. employees named as defendants in this action are Kendis F. Archer, Thomas Pryor, Milom Farnhan, Jessica L. Ballinger, and Gladys E. Dixon.

he was treated for multiple sclerosis even though he did not have the disease. He claims that he suffered instead from a demyelinating problem in his lower extremities.

Plaintiff alleges that the Corizon defendants forced him to take the wrong medications and refused to give him the correct ones.

Plaintiff sues the prison officials in their official capacities only. And he does not allege their direct involvement in his alleged medical mistreatment. He only claims to have written them letters.

## Discussion

The complaint survives frivolity review as to each of the Corizon defendants. Therefore, the Court will direct the Clerk to serve these defendants with process.

The complaint is frivolous as to Dr. Dean. Plaintiff alleged only that Dean treated him for the wrong illness, which goes to negligence. Plaintiff does not allege that Dean forced him to take any medicines, as he did with the Corizon defendants. Negligence claims are not cognizable under § 1983 because they do not rise to the level of a constitutional violation. *E.g.*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Naming George Lombardi and James Hurley in their official capacities is the equivalent of naming the government entity that employs them, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against Lombardi or Hurley.

Additionally, wardens are not liable under § 1983 because of their supervisory roles. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for


supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $10.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process on defendants Kendis Archer, Thomas Pryor, Tomas Cabrera, Milom Farnhan, Jessica Ballinger, and Gladys Dixon. The Clerk must serve these defendants in accordance with the Court's agreement with Corizon, Inc.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants George Lombardi, James Hurley, or Phillip Dean because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

So Ordered this 17th day of July, 2015.

*/s/ E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE