UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

TERRY M. TURNER,                           )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )          No. 2:15CV48 ERW
                                           )
GEORGE A. LOMBARDI, et al.,                )
                                           )
            Defendants,                    )

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff, a prisoner, sues defendants under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs and denial of due process.  Plaintiff alleges that defendants refused to properly treat his peripheral demyelinating disease.  Defendants move to dismiss this case for failure to state a claim upon which relief can be granted.  They first argue that plaintiff's claims are barred by issue and claim preclusion.  They also argue that plaintiff's allegations sound in negligence and do not state a plausible claim under the Eighth Amendment.  Finally, they argue that plaintiff's due process claim under the Fourteenth Amendment is contradicted by his exhibits.  The motion is granted in part and denied in part.

**Plaintiff's Allegations and Litigation History**

For the purposes of this Memorandum and Order, the Court accepts plaintiff's factual allegations as true.  Plaintiff entered the Missouri Department of Corrections system in 2006.  At that time, he suffered from a demyelinating problem in his lower extremities.[1]

---

[1] Demyelination is defined as follows: "Loss of myelin with preservation of the axons or fiber tracts.  Central demyelination occurs within the central nervous system (e.g., the demyelination seen with multiple sclerosis); peripheral demyelination affects the peripheral nervous system (e.g., the demyelination seen with Guillain-Barré syndrome)."  STEDMANS MEDICAL DICTIONARY (Nov. 2014).

Plaintiff had been diagnosed with multiple sclerosis ("MS") before he entered the correctional system.  Plaintiff's prison doctors accepted the diagnosis and gave him the indicated medications.  Plaintiff alleges that MS was "ruled out" in 2011 and 2014.  He says he told his treating physicians that he had a peripheral demyelinating problem but that they refused to change his medications accordingly.  He says he suffered side effects from the MS drugs, including vomiting, urinary and bowel incontinence, and decreased use of his legs.

Plaintiff alleges that defendants refused to stop treating him for MS despite his protests, and he alleges that defendants Jessica Ballinger and Gladys Dixon, both of whom are nurses, threatened to send him to administrative segregation if he refused his medications.

Plaintiff also says that he was denied procedural due process.  He claims that he was not allowed any administrative remedies to address the issue of his medical treatment.

In February 2009, plaintiff filed suit against defendant Dr. Phillip Dean and Correctional Medical Services.  *Turner v. Dean*, No. 4:09CV269 MLM (E.D. Mo.) ("*Turner I*").  In that suit, plaintiff alleged that Dean misdiagnosed him as having MS and gave him the incorrect medication, causing him to be injured.  The Court dismissed the action without prejudice for failure to state a claim upon which relief can be granted because the allegations sounded in negligence and did not show that Dean deliberately disregarded his medical needs.  The Court did not grant plaintiff leave to amend before dismissing the action.  Plaintiff filed a post-dismissal motion to amend, which was summarily denied.  Plaintiff did not appeal.

In June 2012, plaintiff filed suit against several medical and prison officials, including defendant Milo Farnham.  *Turner v. Farnham*, No. 5:12CV6060 DGK (W.D. Mo.) ("*Turner II*").  He again alleged that he was misdiagnosed with MS and that his prison doctors treated him with the wrong drugs, injuring him.  He alleged that he had a demyelinating problem in his lower

2

extremities and that the incorrect treatment led to the loss of use of his legs.  He claimed that he requested additional tests from his doctors to rule out MS but that they disregarded his request and continued to treat him incorrectly.  He also said that medical personnel forced him to take the MS drugs.  The court dismissed with prejudice before service of process for failure to state a claim upon which relief can be granted.  The court found that the complaint and attached medical records demonstrated only a disagreement about treatment decisions and did not rise above negligence.  The Court further stated, "plaintiff's conclusory allegations that he was forced to take the MS medication are refuted by evidence that plaintiff was advised multiple times in grievance responses that he had the right to refuse any medical treatment by signing a refusal form."  The court did not grant leave to amend before dismissing the action with prejudice. Plaintiff did not appeal.

**Issue Preclusion**

Defendants argue that the instant litigation is barred by issue preclusion.  In his response, plaintiff did not address this issue.  However, because plaintiff is pro se, the Court addresses the merits of the argument.

Defendants rely on *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001), for the proposition that dismissals without prejudice are valid and final judgments for the purposes of issue preclusion. In *Miller*, the court held that "an *issue* actually decided in a non-merits dismissal is given preclusive effect in a subsequent action between the same parties."  *Id.* at 740 (emphasis in original; quotations and citation omitted).  In that case, Miller's first suit was dismissed under the AEDPA for failure to exhaust administrative remedies.  *Id.* at 738.  In his second suit, Miller argued that the exhaustion requirement did not apply to him because he had since been released

from prison.  *Id.* at 739.  The court held that he was precluded from arguing that issue because he never contested or appealed the first dismissal.  *Id.* at 739-40.

Turner I is distinguishable from *Miller* because *Turner I* addressed the merits of plaintiff's claims.  As a result, the Court does not believe that *Turner I* has a preclusive effect on this litigation.

The question is whether *Turner II*, which was dismissed both with prejudice and before service of process, has a preclusive effect on this action.

In this Circuit, issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007) (quoting *Anderson v. Genuine Parts Co., Inc.*, 128 F.3d 1267, 1273 (8th Cir.1997)).

The Court does not believe that the third or fourth elements are satisfied in this case. "Actual litigation" implies litigation between two parties.  *E.g.*, 18 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 4419 (2d ed. 2015).  And, issue preclusion only applies to issues that have been "actually decided," which "means that parties who have once borne the burdens of actually litigating an issue may be forced to repeat the same encounter."  *Id.* at § 4420. Defendants did not litigate either *Turner I* or *Turner II* because those cases were dismissed before service of process, and they did not bear any burden as a result of the earlier cases. Therefore, the Court finds that plaintiff's claims are not barred by issue preclusion.

**Claim Preclusion**

Claim preclusion applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co*., LLC, 387 F.3d 721, 731 (8th Cir. 2004).  Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc*., 153 F.3d 667, 673 (8th Cir. 1998).  The Eighth Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of operative facts.  *Banks v. International Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (noting the court adopted the position of the Restatement (Second) of Judgments, § 24).

The Court finds that claim preclusion does not apply to this case.  Because plaintiff's earlier cases were dismissed without leave to amend, it does not appear that he had a "full and fair opportunity" to litigate his causes of action.  Moreover, "section 1915[] dismissals generally are to be without prejudice." *Graves v. Hampton*, 1 F.3d 315, 318 (8th Cir. 1993).  "Should the court determine to dismiss with prejudice, appropriate reasons must be assigned." *Id.* at 319.  The court in *Turner II* did not provide any reasons why that action should have been dismissed with prejudice.  Nor did it give any reason why the complaint was dismissed without leave to amend.  Therefore, the Court finds that plaintiff is not precluded from bringing his constitutional claims in this Court.

**Deliberate Indifference**

Defendants argue that plaintiff's allegations fail to state a claim for deliberate indifference because they sound in negligence.

To state a constitutional claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos*, 73 F.3d at 176 (8th Cir. 1995).

Plaintiff's allegations of deliberate indifference to his serious medical needs are sufficiently plausible to defeat a motion under Rule 12(b)(6). He has shown that his medical condition is objectively serious. Additionally, his allegations indicate that defendants deliberately refused to treat his peripheral demyelinating problem. As a result, the Court will not dismiss plaintiff's medical claims.

**Procedural Due Process**

Defendants argue that plaintiff's due process claim fails to state a claim upon which relief can be granted because his exhibits show that he took advantage of the three-tier grievance system to challenge his medical treatment.

The Court agrees with defendants.  Plaintiff has not alleged any facts that might tend to show he was denied procedural due process.  He filed several grievances, which were addressed by the defendants.  His claim actually seems to be that the denial of his grievances was a deprivation of due process.  However, these allegations do not state a claim under § 1983.  *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").  Therefore, plaintiff's Fourteenth Amendment claims are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [ECF No. 19] is **GRANTED** in part and **DENIED** in part.  Plaintiff's due process claims are **DISMISSED**.  In all other respects, the motion is **DENIED**.

So Ordered this 16th day of November, 2015.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE