UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TERRY TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-CV-00048 ERW |
| | ) |
| GEORGE A. LOMARDI, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's pro se Motion for Injunctive Relief [ECF No. 43], Plaintiff's renewed Motion to Appoint Counsel [ECF No. 38], and Plaintiff's letter to the Court. [ECF No. 44].

**I.     Background**

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to a serious medical need in relation for medical treatment provided in regards to a demyelinating disorder. [ECF No. 1]. Plaintiff's renewed motion to appoint counsel [ECF No. 38] is his third such motion. The Court denied his first two motions to appoint counsel without prejudice. [ECF No. 34]. Plaintiff has also filed a pro se motion seeking injunctive relief to stop Defendant Doctor Thomas Pryor, CMS/Corizon, and non-defendant Nurse Lisa Wiley from providing inadequate medical care, constituting a violation of Plaintiff's serious medical needs, and requests the Court enter a restraining order. [ECF No. 43]. Plaintiff's present motion alleges Dr. Pryor, and Nurse Wiley, have not properly treated his lung cancer, and that he did not receive his "Granite Shots", prescribed by his treating oncologist, Dr. Waheed. [ECF No. 43].

Defendants, in their response, show Plaintiff received Granix injections in accordance

1

with Dr. Waheed's orders, after Dr. Waheed prescribed a five day treatment regimen of the Granix injection on January 14, 2016, and Plaintiff was given the regimen during January 16-20, 2016. [ECF No. 46-2]. Further Defendants note Plaintiff continues to be seen by his oncologist Dr. Waheed.

Plaintiff, in his reply, concedes he received his Granix injection in January, but now alleges he did not receive his Granix injections in November 2015. [ECF No. 48]. Plaintiff further replies he is having trouble thinking clearly because of his cancer treatments. *Id.*

## II. Discussion

### a. *Plaintiff's Pro Se Motion for Injunctive Relief*

Plaintiff's pro se Motion for injunctive relief argues there is threat of irreparable harm because Dr. Pryor and Nurse Wiley are providing inadequate medical treatment in failing to give him Granix injections, in response to his stage three lung cancer, a serious medical need. Plaintiff alleges Dr. Pryor and Nurse Wiley refuse to provide this treatment in retaliation of his lawsuit against Defendants.[1] Defendant's response argues Plaintiff's case is about his demyelinating disorder[2], not his cancer treatment, and therefore Plaintiff's medical treatment in regards to his cancer, the subject of this motion, is irrelevant to his case regarding his medical treatment for his

---

[1] Plaintiff's claim of retaliation is a likely an attempt to plead a 42 USC §1983 claim for a violation of his First Amendment free speech rights, although he does not specifically cite any authority for this concept, and only cites authority for Eighth Amendment violations for deliberate indifference to a serious medical need. To prevail for a claim of retaliation under a §1983 claim, the Plaintiff must show: "(1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013). Plaintiff's claims of retaliation are not properly pled to the Court as they come in a motion for injunctive relief, as opposed to his initial complaint, or an amended complaint. However, even if these were properly pled, as later described in the memorandum, the claim would be denied because Plaintiff cannot show a government official took adverse action against him, since he received the requested medical treatment.

[2] A demyelinating disease is a "generic term for a group of diseases, of unknown cause, in which there is extensive loss of the myelin in the central nervous system, as in multiple sclerosis and Schilder disease." Stedmans Medical Dictionary 254160 (Thompson Reuters 2014).

demyelinating disorder; Nurse Wiley and Corizon are not Defendants; and Plaintiff received the requested medical treatment and continues to be seen by an oncologist who is treating his cancer, and therefore he cannot show the threat of irreparable harm.

The Court, in considering whether to grant injunctive relief, must consider: (1) the threat of irreparable harm; (2) the balance between the harm and the injury that granting the injunction will inflict on the other parties; (3) the probability plaintiff will succeed on the merits of his case; and (4) the public interest in the case. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). No one factor is dispositive, but the movant must establish a threat of irreparable harm. *Id.* Without a finding of a threat of irreparable injury, relief cannot be granted, when there is no showing of any immediate threat the plaintiff will be wronged, again. *Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999). The burden of proof for a temporary injunction is on the movant. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). "Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Id.* (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir.1982)).

The Plaintiff has not shown a threat of irreparable harm, as he received the necessary medical treatment. To show a threat of irreparable harm "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011); also *see Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (holding no injunctive relief was allowed where an inmate complaining about prison conditions was transferred to a separate prison). Plaintiff's response indicates he received his Granix injections in January, but he did not receive the injection in November. [ECF No. 48]. Plaintiff cannot show any threat of irreparable harm

because any harm or any threat of harm disappeared, when he received the requested injections almost a month before filing his motion. As Plaintiff cannot show a threat of irreparable harm, injunctive relief is improper, and Plaintiff's request for injunctive relief will be denied.

    *b. Plaintiffs renewed motion for counsel*

Plaintiff submitted a renewed motion for appointment of counsel on the basis his legal counsel assistant was confined to the prison infirmary for a period of time in regards to knee surgery, Plaintiff's cancer treatment and his lack of education, makes him eligible to receive legal services, and in a response to a recent motion he indicates has not been thinking clearly because of his cancer treatment. [ECF No. 38]. Defendants respond Plaintiff's case does not present complex factual or legal issues, he has personal knowledge of the medical care provided to him, and using the Federal Rules of Civil Procedure allow Plaintiff to obtain any other relevant material. [ECF No. 47].

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers: (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

As previously determined in a past order on the issue of appointment of counsel, Plaintiff's claims are not frivolous allegations. However, Plaintiff has not shown an inability to present his claims to the court, despite his few misspellings or grammar errors in his previous

4

motions. The legal issues in this case are not complex. Concerning the factual issues in regards to medical treatment, significant investigative work will not be required, as the evidence in the case will be found among his medical records. In balancing all of the factors, the Court determines counsel shall not be appointed at this time, although the Court will entertain future motions for the appointment of counsel as the case progresses.

    c. *Plaintiffs discussions with Doctor Pryor*

Plaintiff, in a letter to the Court, asks the Court to order Defendant Dr. Thomas Pryor, not to speak with him about his case. [ECF No. 44]. Defendant Pryor is not barred from discussing the subject matter of Plaintiff's case, particularly as he is Plaintiffs doctor who is attempting to treat the plaintiff, and Plaintiff's case concerns medical treatment.

**IT IS HEREBY ORDERED** that Plaintiff's pro se motion for injunctive relief is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's renewed motion for appointment of counsel [ECF No. 38] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's request to prevent Defendant Thomas Pryor from speaking with him regarding the subject of his case [ECF No. 44] is **DENIED** without prejudice.

So Ordered this 8th Day of April, 2016.

                                          */s/ E. Richard Webber*

                                          E. RICHARD WEBBER
                                          SENIOR UNITED STATES DISTRICT JUDGE