UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-CV-00048 ERW |
| | ) | |
| GEORGE A. LOMARDI, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's renewed Motion to Appoint Counsel [ECF No. 74], and Plaintiff's Motion for Leave to Amend to Add Motion for Summary Judgment [ECF No. 76].

**I. Background**

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to a serious medical need in relation for medical treatment provided in regards to a demyelinating disorder. [ECF No. 1]. Plaintiff's motion to appoint counsel [ECF No. 74] is his fourth such motion. The Court denied his first three motions to appoint counsel without prejudice. [ECF Nos. 34, 55]. Plaintiff's Motion for Leave to amend his summary judgment motion, requests he be able to add certain specific facts which show there are material facts at issue to the Court. [ECF No. 76].

**II. Discussion**

*a. Appointment of Counsel*

Plaintiff in his motion argues he is unable to afford counsel, has a limited knowledge of the law, his cancer treatment causes him to be sick, and he has been unable to find a lawyer

despite his best efforts. [ECF No. 74]. Defendants respond Plaintiff's case does not present complex factual or legal issues, he has personal knowledge of the medical care provided to him, and Plaintiff has filed a summary judgment motion in this case adequately conveying his arguments to the Court. [ECF No. 75]. Plaintiff in his response argues he did not file his own complaint, but only did so with the help of a Mr. Burnside in the Northeast Correctional Center in Bowling Green, MO, and he has no one to help currently help him with his case. [ECF No. 77].

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers: (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

As previously determined in a past orders on the issue of appointment of counsel, Plaintiff's claims are not frivolous allegations. However, Plaintiff has not shown an inability to present his claims to the court, despite his few misspellings or grammar errors in his previous motions. The legal issues in this case are not complex. Concerning the factual issues in regards to medical treatment, significant investigative work will not be required, as the evidence in the case will be found amongst his medical records. Further, Plaintiff argues he did not submit his complaint himself, but had a fellow inmate at his prior correctional center file his complaint. Plaintiff's complaint and summary judgment motion was written and signed by Plaintiff, and

presented his arguments in a coherent manner. Plaintiff's addition of counsel at this time will not substantially benefit him or the Court. In balancing all of the factors, the Court determines counsel shall not be appointed at this time.

   b. *Motion for leave to amend*

Plaintiff in his motion for leave to amend his motion for summary judgment [ECF No. 57], requests he be allowed to point out specific material facts at issue to this court. [ECF No. 76] Plaintiff is not presenting new facts or arguments, to the Court, but rather highlighting previous assertions he has already made. The Court finds granting this motion does not prejudice Defendants.

**IT IS HEREBY ORDERED** that Plaintiff's renewed motion for appointment of counsel [ECF No. 74] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's pro se motion for leave to amend [ECF No. 76] is **GRANTED**.

So Ordered this 23rd Day of September, 2016.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE